IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| A.A., a minor, by JENNY CARROLL, her Next Friend, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| NANCY T. BUCKNER, Commissioner of the Alabama Department of Human Resources, | ) ) ) ) ) |
| Defendant. | ) |

CASE NO. 2:21cv367-ECM

## **UNIFORM SCHEDULING ORDER**

**Please read this order carefully. These deadlines and responsibilities may not be changed without leave of court. All parties are expected to comply with each and every provision of this order in a timely manner. The parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://www.almd.uscourts.gov/.**

Under Rule 16, Federal Rules of Civil Procedure, the Court is required to set a schedule for discovery and the filing of motions. Accordingly, it is

ORDERED as follows:

**SECTION 1: Trial and Pretrial Dates.** A pretrial conference is scheduled for **August 3, 2023 at 10:00 a.m.** in Courtroom 2A, the Frank M. Johnson, Jr. U. S. Courthouse, Montgomery, Alabama. The parties are DIRECTED to jointly prepare a proposed pretrial order, and the plaintiff shall ensure that the original of the proposed pretrial order is received by the court on or before **July 27, 2023** by transmitting an electronic copy of the proposed pretrial order to the court as an attachment to an email message sent to propord_marks@almd.uscourts.gov. For this purpose, the electronic copy should be in Word format and not in Adobe Acrobat PDF format. A sample pretrial order can be found on the Court's website. http://www.almd.uscourts.gov/about/rules-orders-and-procedures.

This cause is set for **non-jury** trial during the term of court commencing on **September 18, 2023, at 10:00 a.m.** in **Montgomery**, Alabama.

**SECTION 2: Dispositive Motions.** Dispositive motions, *e.g.*, motions for summary judgment, shall be filed no later than **April 5, 2023.** A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference may result in the evidence not being considered by the court.

**Daubert motions** shall be filed on or before the above dispositive motions deadline, unless the deadline is modified by the court upon motion of a party demonstrating good cause.

**SECTION 3: The Parties' Settlement Conference.** No later than **March 6, 2023**, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. Not more than FIVE (5) DAYS after this conference, counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation." This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation or a settlement conference with the presiding judge will assist them in resolving this case short of trial.

**SECTION 4: Amendments to Pleadings.** Substantive amendments to the pleadings by motion or notice of consent filed pursuant to FED.R.CIV.P.15, shall be filed on or before **May 14, 2022** and amendment of the parties made by motion or consent shall be filed on or before **January 5, 2023.**

**SECTION 5: Class Certification.** Motions for class certification shall be filed on or before **January 5, 2023.** A brief addressing the factors enumerated in Rule 23(a), (b) and (g) of the Federal Rules of Civil Procedure shall be filed with any such motion.

**SECTION 6: Responses to Motions.** The failure to file a response to any motion — either dispositive or non-dispositive — within the time allowed by the Court shall indicate that there is no opposition to the motion.

**SECTION 7: Discovery Cutoff.** All discovery shall be completed on or before **March 6, 2023.**

**SECTION 8: Expert Witness Disclosures**. The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 701,

702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

>From the Plaintiffs, on or before **November 4, 2022.**

>From the Defendant, on or before **December 6, 2022.**

Rebuttal experts from plaintiffs, on or before **January 5, 2023**.

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony. Unless an objection is filed within 14 days after disclosure of any expert witness, the disclosure shall be deemed to be in full compliance with the Rule.

**SECTION 9: Trial Witness Lists.** No later than **July 27, 2023,** each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file a list of all its witnesses and provide to all other parties the addresses and telephone numbers of all witnesses, except witnesses to be used solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises. The witness list should include the names of any witnesses required to be disclosed under Section 8. Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from calling any witness not so identified. Objections to any witness identified must be filed no later than **August 10, 2023** before the trial date and shall set out the grounds and legal authority. The offering party shall file a written response to objections no later than **August 17, 2023**.

**SECTION 10: Deposition Designations.** No later than **July 27, 2023,** the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file deposition designations that the parties expect to use at trial. Designations must be by page and line numbers, based on counsel's good faith opinion that they are relevant and admissible. Designation of entire depositions is not allowed. Adverse parties shall within one week thereafter file deposition designations expected to be used in response, and a party shall within three days of the designation of such responsive parts file the designation of any part that is desired as a rebuttal thereto. Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment. Except to the extent written objections are filed on or before **August 10, 2023**, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated. Objections shall state with

particularity the portions objected to, and the objecting party shall attach a copy of the portions to which the objections apply. The offering party shall file a written response to objections no later than **August 17, 2023.**

**SECTION 11: Trial Exhibits.** No later than **July 27, 2023,** the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file exhibit lists and furnish opposing counsel for copying and inspecting all exhibits and tangible evidence to be used at the trial. <u>Proffering counsel shall have such evidence marked for identification prior to trial.</u> The list shall identify specifically and separately by exhibit number each document to be offered, and general or bulk designations are not allowed. Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment. <u>Except to the extent written objections are filed, the evidence shall be deemed genuine and admissible in evidence.</u> <u>Objections shall be filed on or before **August 10, 2023**, and shall set forth the grounds and legal authorities. The offering party shall file a written response to the objections no later than **August 17, 2023** and shall include a pre-marked copy of the evidence at issue.</u>

**SECTION 12: Discovery Plan.** Except to the extent of any conflict with the deadlines set out herein, the Discovery Plan contained in the Report of Parties' Planning Meeting (doc. 58) is adopted and incorporated herein.

**SECTION 13: General Provisions**

(A) All briefs on any matter before the court must be formal in format and filed with the Court. The Court does not accept "letter briefs" or "letter reports."

(B) A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion. A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met. Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

(C) Any proposed order that a party desires the court to enter should be submitted to the court in both (i) an Adobe Acrobat PDF format attachment to the motion and (ii) by transmitting an electronic copy of the proposed order to the court as an attachment to an email message sent to, propord_marks@almd.uscourts.gov. For these purposes, the electronic copy should be in Word format and not in Adobe Acrobat PDF format. If the

4

proposed order relates to discovery matters, *e.g.*, a HIPAA order or protective order, an electronic copy of the proposed order should be sent to the e-mail address of the assigned Magistrate Judge whose address may be found at <http://www.almd.uscourts.gov/judges/propord.htm>.

    (D)    If any party has an objection to these deadlines, the party should inform the court within 14 days from the date of this Order; otherwise, the court will assume that the deadlines are agreeable to all parties. Unless this Order is modified by subsequent Order of the court, the provisions herein above set out are binding on the parties.

    DONE this 28th day of February, 2022.

                                             /s/ Emily C. Marks
                                  EMILY C. MARKS
                                  CHIEF UNITED STATES DISTRICT JUDGE