# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| A.A., a minor, by JENNY CARROLL, her Next Friend; B.B.; C.C., a minor, by C.G., his Next Friend; and D.D., a minor, by CHRISTINE FREEMAN, his Next Friend; and E.E., a minor, by CHRISTINE FREEMAN, her Next Friend, <br><br> Plaintiffs, <br><br> v. <br><br> NANCY T. BUCKNER, Commissioner of the Alabama Department of Human Resources, in her official capacity, <br><br> Defendant. | Civil Action No. 2:21-CV-00367-ECM-SRW |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

COMES NOW defendant Nancy T. Buckner, Commissioner of the Alabama Department of Human Resources, in her official capacity ("Defendant" or "ADHR"), pursuant to Rule 45 of the Federal Rules of Civil Procedure, and requests that you produce documents as set forth below within thirty (30) days after service.

Please be advised that a confidentiality order has been entered in this lawsuit to limit the disclosure of confidential information. A copy of the order is attached as

1

Exhibit B. All discovery in this case, including any documents produced in response to this subpoena, is protected by the confidentiality order.

For purposes of these requests, the following Definitions shall apply:

## DEFINITIONS

1. "ADAP" means the Alabama Disability Advocacy Program and all of its officers, attorneys, employees, agents, partners, representatives, or anyone acting or purporting to act on its behalf.

2. "ADHR" means the Alabama Department of Human Resources and all of its officers, employees, agents, representatives, or anyone acting or purporting to act on its behalf.

3. "SPLC" means the Southern Poverty Law Center and all of its officers, attorneys, employees, agents, partners, representatives, or anyone acting or purporting to act on its behalf.

4. The term "communications" means all conversations, agreements, inquiries or replies, whether in person, by telephone, in writing, or by electronic means, and includes, but is not limited to, all correspondence, memoranda, notes, and email and any attachments thereto.

5. The terms "document" or "documents" are used in the broadest sense and mean every writing, record, or thing of every type and description that is in your possession, custody, or control, including, without limitation, correspondence, memoranda, handwritten notes, reports, claims, complaints, pleadings, statements, papers, files, forms, data, printouts, letters, emails, records, diaries, calendars, studies, recordings, videotapes, transcripts, computer records, tapes or compact disks, electronically stored information, contracts, agreements, photographs, drawings, sketches, invoices, checks, payments, receipts, understandings and undertakings, and every copy of such writing or thing where the original is not in your possession, custody or control.

6. "Named Plaintiffs" means Jamiee McLeod, Erica Salazar, Frederick Tate, William Dvorak, and Kaleigh Satterwhite. The Named Plaintiffs are referred to pseudonymously in this lawsuit as A.A., B.B., C.C., D.D., and E.E.

7. "Next Friends" means the individuals serving as the minor Named Plaintiffs' representatives in this lawsuit. Jenny Carroll serves as Next Friend to Jamiee McLeod, Patrick Tate served as Next Friend to Frederick Tate prior to his passing, and Christine Freeman serves as Next Friend to William Dvorak and Kaleigh Satterwhite.

8. "PRTF" or "Psychiatric Residential Treatment Facility" means an entity or facility that is licensed and provides intensive residential programs to foster children.

## DOCUMENT REQUESTS

1. ADAP's entire investigation file prior to May 20, 2021 related to its investigation and monitoring of ADHR's use and oversight of PRTFs, including but not limited to any notes, communications, and written or recorded interview statements.

2. All documents and communications ADAP reviewed or relied upon in preparing the July 6, 2020 letter from ADAP, Children's Rights, and SPLC addressed to ADHR, the Alabama Department of Mental Health (ADMH), the Alabama Department of Public Health (ADPH), and the Alabama Medicaid Agency.

3. All responses to the July 6, 2020 letter that ADAP received from ADHR, ADMH, ADPH, or the Alabama Medicaid Agency.

4. All documents and communications ADAP reviewed or relied upon in preparing its March 19, 2021 letter to ADHR regarding ADHR's oversight of PRTFs.

5. All documents and communications ADAP reviewed or relied upon in preparing the April 22, 2021 letter to ADHR from ADAP, Children's Rights, and SPLC regarding ADHR's use of PRTFs.

6. All documents and communications ADAP reviewed or relied upon in preparing the initial Complaint filed on May 20, 2021.

7. All documents and communications prior to May 20, 2021 reflecting, referring, or relating to the Named Plaintiffs.

8. All documents and communications prior to May 20, 2021 between the Next Friends and anyone acting on behalf of ADAP, which reflect, refer, or relate to this lawsuit.

9. All communications between ADAP and any employee, agent, or representative of a PRTF from January 1, 2019 to the present, including but not limited to any investigation notifications, corrective action plans or notifications, and shut-down requests.

10. Organizational charts for all offices, units, and subdivisions of ADAP, including lists of all positions and the persons occupying each position.

11. All documents reflecting ADAP's policies, procedures, rules, directives, and guidelines applicable to the following:

   a. Investigations of abuse and neglect allegations within PRTFs;

   b. Interviews of minor residents of PRTFs, staff members of PRTFs, and other related individuals; and

   c. Confidentiality of records obtained from PRTFs, residents of PRTFs, and individuals who report incidents of abuse and neglect.

12. All memorandums of understanding (MOUs) and agreements between ADAP and ADHR or any other entity concerning PRTFs.

13. All documents and communications between any media source and ADAP, Children's Rights, or SPLC regarding the allegations contended in the First Amended Complaint.

Defendant agrees to pay for the reasonable cost of compiling these documents for electronic service, but please inform us if these costs will exceed $100.00.