IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| C.C., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 2:21-cv-367-ECM |
| ) | [WO] |
| NANCY T. BUCKNER, Commissioner ) | |
| of the Alabama Department of Human ) | |
| Resources, in her official capacity, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

The parties have participated in mediation and executed a proposed settlement agreement (the "Settlement Agreement"). Accordingly, they have filed a joint motion seeking: (1) preliminary approval of the Settlement Agreement; (2) certification of a proposed class for settlement purposes; (3) appointment of class counsel; (4) approval of the form and manner of the proposed notice to be sent to class members and their representatives; and (5) a final approval hearing. (Doc. 181).

**I. INTRODUCTION**

On May 20, 2021, Plaintiffs filed a class action complaint seeking declaratory and injunctive relief based on alleged violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 ("ADA"), and section 504 of the Rehabilitation Act, 29 U.S.C. § 794. (Doc. 1). Plaintiffs, who at the time of filing were minors in the custody of the Alabama Department of Human Resources ("ADHR"), alleged that they had been placed

in, or were at risk of being placed in, psychiatric residential treatment facilities ("PRTFs") unnecessarily. (*Id.* at 1, para. 1). Their allegations were based in part on concessions made by the ADHR that it relied on PRTFs "because it lack[ed] sufficient community-based alternatives." (*Id.* at 3, para. 11). According to Plaintiffs, these placements were harmful not only because unwarranted segregation in PRTFs isolates children "from their families, friends, and communities," but also because PRTFs are alleged to foster "dangerous, dirty, and violent conditions." (*Id.* at 2, 4, paras. 4, 18). After years of litigation and discovery—involving the production of millions of pages of documents, ten experts, and dozens of depositions—the parties have reached an agreement to settle this matter. (*See* doc. 181).

The Court hereby adopts and incorporates the terms of the Settlement Agreement for the purposes of this Order, including the definitions set forth in the Settlement Agreement. (Doc. 181-1). Having reviewed the Settlement Agreement and considered the submissions in support of preliminary approval, it is

ORDERED that the motion (doc. 181) is GRANTED as follows:

## II. CERTIFICATION OF SETTLEMENT CLASS

The Settlement Agreement provides for a class settlement of the claims alleged in this action. The Court has considered the following:

a. The allegations, defenses, information, arguments, and authorities provided by the parties in connection with the pleadings previously filed in this case.

b. The information, arguments, and authorities provided by the parties in their motion (doc. 181).

c. The terms of the Settlement Agreement, including, but not limited to, the definition of the settlement class and the benefits to be provided to the settlement class.

d. The Settlement Agreement's elimination of manageability issues that may otherwise have existed if the action continued to be litigated.

Based on these considerations, the Court finds as follows for settlement purposes:

a. The prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(2) have been satisfied. The Court finds, in the specific context of this settlement, that the following requirements are met: (a) the number of settlement class members is in the hundreds and is so numerous that joinder of all settlement class members is impracticable; (b) there are questions of law and fact common to the settlement class members; (c) Plaintiffs' claims are typical of the claims of the settlement class members they seek to represent for purposes of the settlement; (d) Plaintiffs and class counsel have fairly and adequately represented the interests of the settlement class and will continue to do so; and (e) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole.

b. The Court also concludes that, because the action is being settled rather than litigated, the Court need not consider manageability, efficiency, or judicial economy issues that might otherwise be presented by the trial of a class action involving the issues in the action.

3

    c.      Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2), the Court provisionally certifies the following settlement class (the "Settlement Class") for settlement purposes only: All children who are adjudicated dependent under Ala. Code § 12-15-314(a)(3), and who have, or have a record of, a mental health impairment that substantially limits one or more major life activities. This certification is contingent on the Settlement Agreement receiving final approval.

    d.      Plaintiffs C.C., F.F., and G.G. are certified as the class representatives (the "Class Representatives") of the Settlement Class.

    e.      The parties present the following attorneys to serve as class counsel (the "Class Counsel"): Andrea Mixson and Larry Canada of the Alabama Disabilities Advocacy Program; Michael Tafelski, Claire Sherburne, Sophia Mire Hill, and Eugene Choi of the Southern Poverty Law Center; and Lindsey Frye, Samantha Bartosz, Katrina Braun, Valerie Achille, and Micaela Heery-Hyatt of Children's Rights. The Court is satisfied that these attorneys are adequate and competent to represent the class members and therefore appoints them as Class Counsel.

### III. PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT

In the operative complaint, Plaintiffs request prospective injunctive relief "requiring Defendant to develop and sustain sufficient capacity of community-based placements and services to meet the needs of Alabama's children in foster care with mental impairments, and to implement and sustain an effective system for transitioning youth in foster care with

4

mental impairments to integrated settings in the community." (Doc. 92 at 40). As set forth in greater detail in the Settlement Agreement,[1] Defendant has agreed to implement numerous program improvements to address the concerns with PRTF placements identified by Plaintiffs. (*See* doc. 181-1 at 5–15). This relief includes, but is not limited to, the following: (1) ADHR agrees to ensure that no child shall be referred to a PRTF without first having received a comprehensive assessment; (2) that assessment must occur no earlier than thirty days prior to a child's referral to a PRTF; (3) prior to referring a child to a PRTF, centralized intake staff will review all documents supporting the PRTF placement; and (4) all children placed in a PRTF shall be reassessed at intervals not to exceed six months to determine the appropriateness of a transfer to a less restrictive placement. (*Id.* at 5–6). Defendant also agrees to be subjected to various reporting and training requirements. (*See id.* at 8–9, 12).

On a preliminary basis, the Settlement Agreement appears sufficiently fair, reasonable, and adequate to authorize dissemination of notice to the Settlement Class as set forth in the Settlement Agreement, taking into account the factors set forth in Rule 23(e)(2). The Court finds that: (1) the Settlement Class and Class Counsel have adequately represented the class; (2) the Settlement Agreement was negotiated at arm's length with the assistance of the Magistrate Judge and was not the product of collusion; (3) the prospective injunctive relief provided for the class is adequate, taking into account, along with the other factors enumerated in Federal Rule of Civil Procedure 23(e)(2)(C), the terms

---

[1] For the sake of concision, the Court here is only paraphrasing key provisions of the Settlement Agreement. The terms of the Settlement Agreement, which are adopted in full by the Court, control.

of the proposed award of attorney fees; and (4) the Settlement Agreement treats class members equitably relative to each other. These findings are supported both by the Court's independent review of the record and the affidavits submitted by Plaintiffs' attorneys, which indicate both the exhaustive effort expended by Plaintiffs' counsel on this matter and their belief that the Settlement Agreement is fair, reasonable, and adequate given their holistic and thorough understanding of the case. (*See, e.g.*, doc. 181-3 at 7, para. 17 ("In total, Children's Rights dedicated thousands of hours to pre-filing investigation, post-filing litigation, and discovery work. Because of this work, Children's Rights attorneys have gained a thorough understanding of the facts at issue in this case, as well as the strengths and weaknesses of Plaintiffs' claims, the potential defenses, and the costs and risks of proceeding to trial."); *accord* docs. 181-4, 181-5).

Several of the factors announced by the Eleventh Circuit in *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984), likewise support this conclusion.[2] The *Bennett* court instructed district courts to look to, among other things, "the likelihood of success at trial," "the range of possible recovery," and "the stage of proceedings at which the settlement was achieved." *Id.* As the parties note, class certification for purposes of litigation has not yet been resolved, and "the likelihood of success for either side is ultimately unpredictable" should this matter go to trial. (Doc. 181 at 17). Moreover, the Settlement Agreement provides much of the relief Plaintiffs seek. (*See id.* ("[T]he proposed

---

[2] "The four core concerns set out in Rule 23(e)(2) provide the primary considerations in evaluating proposed agreements, but . . . the *Bennett* factors can, where appropriate, complement those core concerns." *Ponzio v. Pinon*, 87 F.4th 487, 495 (11th Cir. 2023) (internal citation omitted).

relief is not only within the range of possible recovery, but . . . is substantially similar to what Plaintiffs could achieve after a successful verdict at trial.")).  The fact that the Settlement Agreement is the result of more than four years of litigation further militates in favor of preliminarily finding it to be fair, reasonable, and adequate.

Under the Settlement Agreement, the parties also "agree that Plaintiffs are the 'prevailing party' for the matters addressed in" the Settlement Agreement. (Doc. 181-1 at 20, para. 18).  Subject to the Court's final approval, ADHR has agreed to "remit to Plaintiffs' counsel $3 million in attorney[] fees for professional services rendered in this matter and $[]400,000 for expenses incurred in this matter." (*Id.*)  For their part, Plaintiffs agree to waive any right to seek additional fees or costs "incurred prior to November 1, 2025." (*Id.*)  The parties arrived at this figure after calculating the lodestar amount to be "over $ 3.7 million." (Doc. 181 at 17); *see In re Home Depot Inc.*, 931 F.3d 1065, 1076 (11th Cir. 2019) ("Under the lodestar method, courts determine attorney[] fees based on the product of the reasonable hours spent on the case and a reasonable hourly rate.").  To support this figure, the parties prepared affidavits from three of Plaintiffs' attorneys averring that Plaintiffs' counsel collectively spent more than 15,000 hours and over $700,000 litigating the case. (*See* doc. 181-3 at 8–9, para. 22; doc. 181-4 at 4, para. 12; doc. 181-5 at 8–9, para. 17).  As a preliminary matter, the Court finds this contemplated award of fees and costs to be reasonable.

For these reasons, the Court preliminarily approves the Settlement Agreement.

## IV.  APPROVAL OF NOTICE PLAN

The parties request that the Court approve the form and content of the Notice of Proposed Class Action Settlement and Instructions for Posting and Distribution ("Notice"), which is attached to their motion. (*See* doc. 181-2).  Rule 23(e) requires a court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." "Unlike the more stringent notice requirements under Rule 23(b)(3), the Rules merely state that in a Rule 23(b)(2) case, such as this one, 'the court may direct appropriate notice to the class.'" *Navarro v. Fla. Inst. of Tech., Inc.*, 2024 WL 5673613, at *5 (M.D. Fla. June 20, 2024) (quoting Fed. R. Civ. P. 23(b)(2)), *report and recommendation adopted*, 2024 WL 5673612 (M.D. Fla. July 9, 2024);[3] *see Holmes v. Continental Can Co.*, 706 F.2d 1144, 1156 (11th Cir. 1983) ("[C]lass members of actions certified under [Rule 23](b)(2) ordinarily are not entitled to individual notice and typically do not have the right to opt out of the lawsuit.").

The Notice outlines the essential terms of the Settlement Agreement, details the factual and procedural background of the action, provides a description of the class and the reasons and benefits of the Settlement Agreement, and notes that Plaintiffs' attorney fees will be paid by ADHR.  The Notice provides the whereabouts, date, and time of the final approval hearing and explains how potential class members may object to the Settlement Agreement.  Class Counsel is also identified in the Notice and potential class members are directed to contact them for additional information.  The parties represent that the Notice

---

[3] While the Court acknowledges that *Navarro* is nonprecedential, the Court finds it persuasive.

will be prominently posted on the ADHR's website. The Court finds the Notice is reasonable and appropriate, constituting due, adequate, and sufficient notice to all persons entitled to receive notice of the Settlement Agreement, satisfying all applicable requirements of law, including Rule 23.

## V. FINAL APPROVAL SCHEDULE

The parties ask the Court to set deadlines regarding the notice plan, establish a briefing schedule for the parties' forthcoming motion for final settlement approval, and set a final approval hearing. The Court sets the following deadlines:

a. On or before **March 16, 2026**, ADHR shall, at its sole expense, take the steps enumerated in the Notice to notify all class members of the proposed settlement.

b. ADHR shall file with the Clerk an affidavit certifying compliance with the notice requirements of this Order on or before **March 16, 2026**.

c. Class Members and all other interested parties may submit any written comments, statements in support, or objections to the Settlement Agreement on or before **May 4, 2026**. Objections shall be submitted in accordance with the procedure contained in the Notice.

d. The parties shall file a motion for final approval of the Settlement Agreement along with a brief in support addressing all objections and comments submitted, if any, on or before **May 18, 2026**. Plaintiffs will also submit to the Court all objections and comments submitted, if any, on or before **May 26, 2026**.

    e.    A final approval hearing concerning final approval of the Settlement Agreement and Plaintiffs' request for fees and costs is SET for **June 9, 2026, at 10:00 a.m.** in **Courtroom 2A** of the Frank M. Johnson Jr. United States Courthouse, One Church Street, Montgomery, Alabama, to determine whether the certification of the Settlement Class, the designation of Plaintiffs as Class Representatives, the appointment of Class Counsel, the Settlement Agreement, and Plaintiffs' request for attorney fees and costs should receive final approval and to rule on such other matters as the Court may deem appropriate. At the hearing, class members may be heard orally in support of or in opposition to the Settlement Agreement, provided such persons notify Class Counsel in writing on or before **May 4, 2026,** of their desire to appear personally, briefly indicating (if in opposition to the Settlement Agreement) the nature of their objection. Class Counsel and counsel for ADHR shall be prepared at the hearing to respond to objections filed by the class members and to provide other information, as appropriate, bearing on whether or not the Settlement Agreement should be approved.

## VI.  OTHER PROVISIONS

Pending the final approval hearing, the Court hereby stays all proceedings in this case, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. The pretrial conference currently set for February 26, 2026, and the bench trial set during the April 20, 2026 trial term are continued generally.

In the event that the Settlement Agreement is not finally approved by the Court, the parties reserve all of their rights, including the right to continue with the litigation and all claims and defenses pending at the time of the settlement, including with regard to any effort to certify a litigation class.  All of the following shall also apply:

a. All orders and findings entered in connection with the Settlement Agreement shall be vacated and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this proceeding.

b. The provisional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the litigation shall proceed as though the Settlement Class had never been certified and such findings had never been made.

c. Noting contained in this Order is to be construed as a presumption, concession, or admission by or against Defendant or Plaintiffs of any default, liability, or wrongdoing as to any facts or claims alleged or asserted in the action, or in any other actions or proceedings, whether civil, criminal, or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the action as a class action.

The Class Counsel and counsel for ADHR are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the

Settlement Agreement, or to the form or content of the Notice, or to the form or content of any other exhibits attached to the Settlement Agreement, that the parties jointly agree are reasonable or necessary, and which do not limit the rights of the class members under the Settlement Agreement.

The Court retains jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

DONE this 3rd day of February, 2026.

                                        /s/ Emily C. Marks
                              EMILY C. MARKS
                              UNITED STATES DISTRICT JUDGE