**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

|  |  |
|---|---|
| **C.C.**, et al.,<br><br>**Plaintiffs**,<br><br>v.<br><br>**NANCY T. BUCKNER**, Commissioner of the Alabama Department of Human Resources, in her official capacity,<br><br>**Defendant**. | **Civil Action No.**: 2:21-CV-367-ECM |

<u>**JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH INCORPORATED MEMORANDUM OF LAW IN SUPPORT**</u>

**TABLE OF CONTENTS**

I.  Overview of the Litigation and Settlement..................................................................... 1

II. The Court Should Grant Final Approval of the Settlement Agreement...................................... 3

    A.   Legal Standard ................................................................................................. 3

    B.   The Settlement Meets the Requirements of Rule 23(e) and the Relevant *Bennett* Factors . 5

        i.   The Class Representatives and Plaintiffs' counsel have adequately represented the Class 5

        ii.  The settlement proposal was negotiated at arm's length................................... 7

        iii. The relief provided for the Class is adequate ..................................................... 8

        iv.  The settlement proposal treats Class members equitably relative to each other............ 10

        v.   The Parties did not receive opposition to the Settlement ............................................. 10

    C.   The Class Notice was Reasonable ................................................................... 11

    D.   The Negotiated Attorneys' Fees are Reasonable ............................................. 13

III. The Court Should Retain Jurisdiction as Specified in the Agreement.................................. 16

IV. Conclusion ................................................................................................................. 17

## TABLE OF AUTHORITIES

**Cases**

*Adams v. S. Farm Bureau Life Ins. Co.*,
 417 F. Supp. 2d 1373 (M.D. Ga. 2006) ................................................................. 12

Adams v. S. Farm Bureau Life Ins. Co.,
 493 F.3d 1276 (11th Cir. 2007) ............................................................................ 12

*American Disability Ass'n, Inc. v. Chmielarz*,
 289 F.3d 1315 .................................................................................................... 1, 16

*Ass'n For Disabled Americans, Inc. v. Amoco Oil Co.*,
 211 F.R.D. 457 (S.D. Fla. 2002) ............................................................................ 9

*Bennett v. Behring Corp.*,
 737 F.2d 982 (11th Cir. 1984) ...................................................................... passim

*Camp v. City of Pelham*,
 No. 2:10-cv-01270-MHH, 2014 WL 1764919 (N.D. Ala. May 1, 2014) ................ 8

*Cobb v. Georgia Dep't of Cmty. Supervision*,
 No. 1:19-cv-03285-WMR, 2024 WL 3843600 (N.D. Ga. May 6, 2024) ............... 10

*Cooper v. Nelnet, Inc.*,
 No. 6:14-cv-314-Orl-37-DAB, 2015 WL 12843910 (M.D. Fla. Aug. 4, 2015) ...... 12

*Corona-Cantu v. Ingo Money Inc.*,
 No. 1:24-cv-03023, 2025 WL 3567122 (N.D. Ga. June 17, 2025) .......................... 4

*Cotton v. Hinton*,
 559 F.2d 1326 (5th Cir. 1977) .......................................................................... 8, 9

*Disability Advocates & Counseling Group, Inc. v. E.M. Kendall Realty, Inc.*,
 366 Fed. Appx. 123 (11th Cir. 2010) .................................................................... 16

*Fla. Educ. Ass'n v. Dep't of Educ.*,
 447 F. Supp. 3d 1269 (N.D. Fla. 2020) ................................................................ 11

*Goodlaxson v. Mayor & City Council of Baltimore*,
 776 F. Supp. 3d 311 (D. Md. 2025) ...................................................................... 12

*Harris v. Graddick*,
 615 F. Supp. 239 (M.D. Ala. 1985) ...................................................................... 11

*Harris v. Siegelman*,
 700 F. Supp. 1083 (M.D. Ala. 1988) .................................................................... 11

*Henderson v. Thomas*,
 No. 2:11-cv-224-MHT, 2013 WL5493197 (M.D. Ala. Sept. 30, 2013).....................................4

*In re Domestic Air Transp. Antitrust Litig.*,
 148 F.R.D. 297 (N.D. Ga. Mar. 22, 1993).................................................................................8

*In re Equifax Inc. Customer Data Sec. Breach Litig.*,
 999 F.3d 1247 (11th Cir. 2021) ................................................................................................4

*Jackson v. Metscheck, Inc.*,
 No. 1:11-cv-2735, 2012 WL 12931993 (N.D. Ga. Dec. 31, 2012) ...........................................6

*Knight v. Alabama*,
 469 F. Supp. 2d 1016 (N.D. Ala. 2006).....................................................................................9

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
 511 U.S. 375 (1994)................................................................................................................16

*M.D. v. Centene Corp., Inc.*,
 No. 1:18-cv-22372-JB, 2020 WL 7585033 (S.D. Fla. Oct. 7, 2020)..................................6, 10

*Marcrum v. Hobby Lobby Stores, Inc.*,
 No. 2:18-cv-01645-JHE, 2021 WL 3710133 (N.D. Ala. Aug. 20, 2021) ..............................3, 4

*McWhorter v. Ocwen Loan Servicing, LLC*,
 No. 2:15-cv-01831-MHH, 2019 WL 9171207 (N.D. Ala. Aug. 1, 2019) ..................................7

*Nelson v. Mead Johnson & Johnson Co.*,
 484 Fed. Appx. 429 (11th Cir. 2012)........................................................................................4

*Perez v. Asurion Corp.*,
 501 F. Supp. 2d 1360 (S.D. Fla. 2007) ...................................................................................11

*Poertner v. Gillette Co.*,
 618 Fed. Appx. 624 (11th Cir. 2015)........................................................................................7

*Ponzio v. Pinon*,
 87 F.4th 487 (11th Cir. 2023) ...................................................................................3, 4, 8, 10

*Saccoccio v. JP Morgan Chase Bank, N.A.*,
 297 F.R.D. 683 (S.D. Fla. 2014)..........................................................................................7, 11

*Singleton v. City of Montgomery, Alabama*,
 No. 2:20-cv-99-WKW, 2020 WL 6929519 (M.D. Ala. Nov. 24, 2020) ..................................17

*Singleton v. Taylor*,
 No. 2:20-cv-99-WKW, 2022 WL 4357451 (M.D. Ala. Sept. 20, 2022)....................................4

*Swaney v. Regions Bank*,
   No. 2:13-cv-00544-RDP, 2020 WL 3064945 (N.D. Ala. June 9, 2020) ................................. 10

*U.S. v. Alabama*,
   No. 2:15-cv-368-MHT, 2015 WL 3796526 (M.D. Ala. June 18, 2015) ................................. 17

*Waters v. Cook's Pest Control, Inc.*,
   No. 2:07-cv-00394-LSC, 2012 WL 2923542 (N.D. Ala. July 17, 2012) .............................. 7, 9

**Statutes**

42 U.S.C. § 12205 ............................................................................................................ 14

**Rules**

Fed. R. Civ. P. 23(e) ........................................................................................................ 3

Fed. R. Civ. P. 23(e)(1)(B) .............................................................................................. 11

Fed. R. Civ. P. 23(e)(2) .................................................................................................... 3

Fed. R. Civ. P. 23(e)(2)(A) .............................................................................................. 5

Fed. R. Civ. P. 23(e)(2)(B) .............................................................................................. 7

Fed. R. Civ. P. 23(e)(2)(D) .............................................................................................. 10

Fed. R. Civ. P. 23(h) ........................................................................................................ 14

The Parties jointly seek final approval of their Settlement Agreement, ECF No. 181-1, resolving Plaintiffs' claims on behalf of the Settlement Class. The Settlement Agreement, preliminarily approved by this Court on February 3, 2026, *see* Memorandum and Order Granting Preliminary Approval ("Memorandum and Order"), ECF No. 182 at 7, meets the standard for final approval under Rule 23(e) because it is fair, reasonable, and adequate. The Parties have now complied with the Court-approved Notice Plan to inform Settlement Class members of its terms. *See* Affidavit of Jan Casteel, ECF No. 184. There has been no objection to the Settlement Agreement from the Settlement Class, and, as described below, multiple statements made in support. Accordingly, following the Final Approval Hearing scheduled for June 16, 2026, the Parties respectfully request that the Court issue an order granting final approval of the Settlement Agreement, which includes reimbursement by Defendant of Plaintiffs' reasonable attorneys' fees and costs in the negotiated amount. Upon final approval of the Settlement Agreement, the Parties will file a Joint Stipulation and Dismissal with Prejudice of this action, requesting that in dismissing the action, the Court retain jurisdiction to enforce the terms of the Settlement Agreement. *See American Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315 (11th Cir. 2002).

## I.    Overview of the Litigation and Settlement

The Parties incorporate by reference the summary of litigation set forth in their Joint Motion for Preliminary Approval of Settlement ("Joint Motion for Preliminary Approval"). ECF No. 181 at 2-10. As stated therein, Plaintiffs filed this case in May 2021, alleging classwide violations of Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. *See id.* at 2. Plaintiffs sought declaratory and prospective injunctive relief against Defendant Nancy Buckner, in her official capacity only, as Commissioner of Alabama's Department of Human Resources ("ADHR"). *See id.* The Parties engaged in litigation through a

1

motion to dismiss, two amended complaints, class certification, and a lengthy discovery period that included significant document production and numerous expert reports. *See id.* at 2-4. After an extended stay to focus on settlement, the Parties reached an agreement in September 2025 and jointly moved for preliminary approval on December 18, 2025. *See id.* at 4. On February 3, 2026, the Court granted preliminary approval of the Settlement Agreement; certified a Settlement Class;[1] appointed Plaintiffs C.C., F.F., and G.G. as Class Representatives; appointed the undersigned Plaintiffs' counsel as Class Counsel; approved the proposed Class Notice ("Notice") and Class Action Notice Plan; and scheduled a Final Approval Hearing for June 9, 2026.[2] *See generally* Memorandum and Order, ECF No. 182. As discussed more fully below, the Parties have now fully complied with the Notice Plan approved by the Court and no procedural barriers remain to final approval.

The Settlement Agreement offers substantial and meaningful relief to the Class while avoiding the delay, uncertainty, and costs of continued litigation in this complex matter. Under the Settlement Agreement, ADHR will "implement numerous program improvements to address the concerns with PRTF placements identified by Plaintiffs[,]" including the following: "(1) ADHR agrees to ensure that no child shall be referred to a PRTF without first having received a comprehensive assessment; (2) that assessment must occur no earlier than thirty days prior to a child's referral to a PRTF; (3) prior to referring a child to a PRTF, centralized intake staff will review all documents supporting the PRTF placement; and (4) all children placed in a PRTF shall be reassessed at intervals not to exceed six months to determine the appropriateness of a transfer

---

[1] The Settlement Class is defined as "[a]ll children who are adjudicated dependent under Ala. Code § 12-15-314(a)(3), and who have, or have a record of, a mental health impairment that substantially limits one or more major life activities." Memorandum and Order, ECF No. 182 at 4.

[2] The date of the Final Approval Hearing was subsequently reset to June 16, 2026. *See* Scheduling Order, ECF No. 183.

to a less restrictive placement." Memorandum and Order, ECF No. 182 at 5 (citing Settlement Agreement, ECF No. 181-1 at 4-5). If approved by this Court, the Settlement Agreement will significantly improve outcomes for children in foster care in Alabama.

**II.     The Court Should Grant Final Approval of the Settlement Agreement**

   **A.  Legal Standard**

Rule 23(e) of the Federal Rules of Civil Procedure states that a class action "may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). A court may approve a proposed class action settlement "only after a hearing and only on finding that it is fair, reasonable, and adequate" after considering the factors outlined in Rule 23(e)(2). Fed. R. Civ. P. 23(e)(2); *see also Marcrum v. Hobby Lobby Stores, Inc.*, No. 2:18-cv-01645-JHE, 2021 WL 3710133, at *2 (N.D. Ala. Aug. 20, 2021).

Rule 23(e)(2)'s elements are as follows:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). In addition to the elements of Rule 23(e)(2), when deciding whether a settlement is fair, reasonable, and adequate, a court can, where appropriate, consider the factors enumerated in *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). *See also Ponzio v. Pinon*, 87 F.4th 487, 494-95 (11th Cir. 2023) (finding the *Bennett* factors applicable after the 2018 amendment to Rule 23(e)(2)); *Singleton v. Taylor*, No. 2:20-cv-99-WKW, 2022 WL 4357451, at

*1 (M.D. Ala. Sept. 20, 2022) (citing *Bennett*, 737 F.2d at 986) (approving settlement applying both the Rule 23(e)(2) factors and *Bennett* factors). The Rule 23(e)(2) factors are the court's "primary considerations" when evaluating proposed settlements, and the *Bennett* factors complement and inform the Rule 23(e)(2) factors. *Ponzio*, 87 F.4th at 494. The *Bennett* factors are as follows:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1273 (11th Cir. 2021) (quotations omitted). "*Bennett* factors (1), (2), (4), and (6) can inform 'whether the relief provided to the class is adequate[,]'" which is the core concern of Rule 23(e)(2)(C). *Ponzio*, 87 F.4th at 494. "And *Bennett* factors (3) and (5) can inform 'whether the proposal treats class members equitably relative to each other[,]'" which is the core concern of Rule 23(e)(2)(D). *Id.*; *see also Marcrum*, 2021 WL 3710133, at *3 ("Many [of the *Bennett* factors] bear on the third Rule 23(e)(2) requirement."); *Corona-Cantu v. Ingo Money Inc.*, No. 1:24-cv-03023, 2025 WL 3567122, at *7-8 (N.D. Ga. June 17, 2025) (folding the analysis of the *Bennett* factors into the Rule 23(e)(2) factors). Lastly, evaluations of the approval of a settlement agreement should be made considering the "strong judicial policy favoring settlement." *In re Equifax*, 999 F.3d at 1273; *see Ponzio*, 87 F.4th at 494; *Nelson v. Mead Johnson & Johnson Co.*, 484 Fed. Appx. 429, 434 (11th Cir. 2012); *Henderson v. Thomas*, No. 2:11-cv-224-MHT, 2013 WL5493197, at *3 (M.D. Ala. Sept. 30, 2013) (noting "[j]udicial policy favors voluntary settlement of class-action cases").

As will be shown below, and as this Court has already preliminarily found, the Settlement Agreement meets each of the Rule 23(e)(2) and applicable *Bennett* factors. Since the Court granted

4

preliminary approval, no material developments have occurred that would alter the Court's prior determination that the Settlement Agreement is fair, reasonable, and adequate. The Parties provided appropriate notice to Settlement Class members, there have been no objections to the Settlement Agreement, and no intervening facts or circumstances undermine the Court's earlier findings supporting preliminary approval. Therefore, after the Court holds the final approval hearing and gives all Settlement Class members the opportunity to be heard, the Court should grant final approval of the Settlement Agreement.

**B. The Settlement Meets the Requirements of Rule 23(e) and the Relevant *Bennett* Factors**

The Parties' Settlement Agreement is fair, adequate, and reasonable and meets each of the Rule 23(e)(2) factors and *Bennett* factors.

      i.      *The Class Representatives and Plaintiffs' counsel have adequately represented the Class*

First, the Class Representatives and Plaintiffs' counsel have adequately represented the Settlement Class.[3] Fed. R. Civ. P. 23(e)(2)(A). As explained more thoroughly in the Parties' Joint Motion for Preliminary Approval, Plaintiffs are represented by Children's Rights, the Alabama Disabilities Advocacy Program ("ADAP"), and the Southern Poverty Law Center. Each organization has extensive experience litigating and monitoring complex, federal class action lawsuits and settlements arising under Rule 23(b)(2), including cases on behalf of foster care children and children with disabilities. *See* Joint Motion for Preliminary Approval, ECF No. 181 at 4; Frye Declaration in Support of Joint Motion for Preliminary Approval of Settlement ("Frye Decl. I"), ECF No. 181-3 at ¶¶ 3-4, 7-9; Sherburne Declaration in Support of Joint Motion for

---

[3] In their motion and renewed motion for class certification, Plaintiffs' counsel requested to be appointed Class Counsel, which was unopposed by ADHR. *See* Plaintiffs' Motion for Class Certification, ECF No. 124; Plaintiffs' Renewed Motion for Class Certification, ECF No. 168.

Preliminary Approval of Settlement ("Sherburne Decl."), ECF No. 181-4 at ¶¶ 4-6; Canada Declaration in Support of Joint Motion for Preliminary Approval of Settlement ("Canada Decl."), ECF No. 181-5, at ¶¶ 4-8. Plaintiffs' counsel has been vigorously advocating on behalf of the Settlement Class for over four years and will continue to vigorously represent the Settlement Class throughout the remainder of this litigation. As explained above and in the Parties' Joint Motion for Preliminary Approval, throughout this case, the Parties engaged in lengthy motion practice and fact and expert discovery. *See supra* Section I; *see also* Joint Motion for Preliminary Approval, ECF No. 181 at 2-3; *M.D. v. Centene Corp., Inc.*, No. 1:18-cv-22372-JB, 2020 WL 7585033, at *5 (S.D. Fla. Oct. 7, 2020) (finding the class was adequately represented after a showing that class counsel "had duly investigated the issues raised by [p]laintiffs' claims"); *Jackson v. Metscheck, Inc.*, No. 1:11-cv-2735, 2012 WL 12931993, at *2 (N.D. Ga. Dec. 31, 2012) (considering "work [c]lass [c]ounsel has done in identifying or investigating potential claims in this action," "[c]lass [c]ounsel's experience in handling class actions," and the "resources [c]lass [c]ounsel committed to representing the class" when finding that class counsel represented the class adequately).

Further, the Class Representatives have adequately represented the Class under Rule 23(e)(2)(A). The Named Plaintiffs' interests directly align with the interests of the Settlement Class. *See* Joint Motion for Preliminary Approval, ECF No. 181 at 24-25. Each Named Plaintiff previously expressed their willingness and ability to actively participate in the litigation and to protect the interests of the Class. *See* Plaintiffs' Brief in Support of Plaintiffs' Motion for Class Certification, ECF No. 124-1 at 30.[4] The Named Plaintiffs and all Settlement Class members have interests in improving access to integrated, community-based placements, assessment practices,

---

[4] Upon information and belief, two of the Named Plaintiffs will attend the Final Approval Hearing to speak in support of the Settlement Agreement.

and ISP practices, and the benefit of the Settlement Agreement will apply to the Named Plaintiffs and Settlement Class members equally. *See* Memorandum and Order, ECF No. 182 at 4-5.

*ii.*      *The settlement proposal was negotiated at arm's length*

Second, the Settlement Agreement was negotiated at arm's length. Fed. R. Civ. P. 23(e)(2)(B); *see* Memorandum and Order, ECF No. 182 at 5. The Settlement Agreement was negotiated over the course of a year, partly with the help of a federal magistrate judge, and "[t]here is a presumption of good faith in the negotiation process." *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 692 (S.D. Fla. 2014). Courts have found settlements to be negotiated at arm's length when, like here, there have been multiple mediation sessions between counsel and a neutral, third-party mediator. *See McWhorter v. Ocwen Loan Servicing, LLC*, No. 2:15-cv-01831-MHH, 2019 WL 9171207, at *9 (N.D. Ala. Aug. 1, 2019) (noting the involvement of an experienced mediator in discussion of factors showing that settlement was not the result of collusion); *Waters v. Cook's Pest Control, Inc.*, No. 2:07-cv-00394-LSC, 2012 WL 2923542, at *14 (N.D. Ala. July 17, 2012) (finding settlement was not a result of collusion or improper conduct when the settlement agreement was negotiated by experienced counsel and a mediator for nearly ten months); *Poertner v. Gillette Co.*, 618 Fed. Appx. 624, 630 (11th Cir. 2015) (finding that the settlement agreement was not a result of self-dealing because the parties had engaged in lengthy negotiations with an experienced, court-appointed mediator).

As set forth in the Parties' Joint Motion for Preliminary Approval, the Parties first attempted, but failed, to reach a settlement in this case in December 2022. *See* Joint Motion for Preliminary Approval, ECF No. 181 at 3. Then, beginning in May 2024, the Parties requested mediation with a magistrate judge. *See* Joint Status Report Requesting Mediation, ECF No. 140; Order for Mediation, ECF No. 142. The Parties participated in eight judicial settlement conferences with Judge Chad Bryan's involvement. The Parties continued direct negotiations

7

without Judge Bryan from March to September 2025, including several all-day, in-person sessions. *See* Joint Motion for Preliminary Approval, ECF No. 181 at 4. On September 29, 2025, the Parties submitted a joint status report indicating that the Parties had reached an agreement in principle. Joint Status Report, ECF No. 175. This process was conducted at arm's length between experienced attorneys. Additionally, the significant hours the Parties spent litigating this case through discovery, including submitting contested class certification filings and other motions, indicate there was no collusion or improper conduct when reaching the Settlement Agreement. *See Camp v. City of Pelham*, No. 2:10-cv-01270-MHH, 2014 WL 1764919, at *5 (N.D. Ala. May 1, 2014).

### iii.    The relief provided for the Class is adequate

Third, the relief provided for the Class is adequate, taking into account the elements listed in Fed. R. Civ. P. 23(e)(2)(C) and the following *Bennett* factors: the complexity, expense, and duration of litigation; the likelihood of success at trial; the range of possible recovery; and the stage of proceedings at which the settlement was achieved.[5] *See Ponzio*, 87 F.4th at 494.

Settlement in this case is favored because, as a statewide class action suit, this case is and would be highly complex, expensive, and time consuming if it were to proceed to summary judgment or trial. *See Bennett*, 737 F.2d at 986 (factor 4); *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) ("Particularly in class action suits, there is an overriding public interest in favor of settlement. It is common knowledge that class action suits have a well deserved reputation as being most complex.") (internal citations omitted); *see also In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 325 (N.D. Ga. Mar. 22, 1993) (finding that discovery containing over one million

---

[5] Fed. R. Civ. P. 23(e)(2)(C)(ii) is met because the relief will be distributed through the changes in ADHR's policies and practices that will affect the entire Class the same way and there are no Settlement Class member claims to process. Fed. R. Civ. P. 23(e)(2)(C)(iv) is met because the Settlement Agreement is the only agreement between the Parties and there are no additional agreements required to be identified or considered under Rule 23(e)(3).

pages of documents indicates that "preparation for trial would be time consuming, complex and expensive"). The Parties have also saved substantial organizational and judicial resources by resolving this case without a trial. *See* Memorandum and Order, ECF No. 182 at 3.

While both Parties are confident in their ability to litigate this case through trial, the likelihood of success for either side is ultimately unpredictable. This is a complex civil rights class action case regarding a statewide system that involves data analyses, voluminous amounts of data and records, numerous expert witnesses, and sensitive and confidential information. *See* Memorandum and Order, ECF No. 182 at 2; *see also Waters*, 2012 WL 2923542, at *13 (approving settlement in a civil rights class action that involved statistical analysis of "massive amounts of documents"); *Ass'n For Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 468 (S.D. Fla. 2002) (finding that due to "the complexities of the case, and the developing nature of the law interpreting the ADA, the outcome of a trial on the merits is extremely uncertain").

Further, when compared "with the likely rewards that the class would have received following a successful trial of the case," the relief in the Settlement Agreement is not only within the range of possible recovery, but it is substantially similar to what Plaintiffs could achieve after a successful verdict at trial. *Knight v. Alabama*, 469 F. Supp. 2d 1016, 1034 (N.D. Ala. 2006) (quoting *Cotton*, 559 F.2d at 1330); *see also Bennett*, 737 F.2d at 986 (factor 2). As this Court has already found, the Settlement Agreement provides much of the relief Plaintiffs seek, *see* Memorandum and Order, ECF No. 182 at 6, and aligns with the relief Plaintiffs would have requested had they prevailed at summary judgment or trial. The Parties agree that the practice and policy changes contained in the Settlement Agreement further their shared goal of placing foster children in the least restrictive, most integrated setting appropriate to meet their needs. The relief is closely tailored to the harms alleged in the complaint and directly addresses the practices and

9

policies challenged by Plaintiffs. The Settlement Agreement imposes concrete obligations and compliance timelines and will benefit all current and future class members. Preliminary implementation efforts already underway further support the conclusion that the Settlement Agreement will provide meaningful relief to the Class.

The stage of proceedings at which this case was settled also favors approval of the Settlement Agreement. *See Bennett*, 737 F.2d at 986 (factor 6); Memorandum and Order, ECF No. 182 at 6. This case proceeded through over four years of litigation, which included pleadings, class certification briefings, expert reports, depositions, and extensive written discovery. *See id.* at 2. The litigation settled only after both sides thoroughly prepared and considered substantive evidence relating to claims and defenses. This shows that settlement is appropriate, not premature, and supported by the facts in this case that could be proven at trial. *See Swaney v. Regions Bank*, No. 2:13-cv-00544-RDP, 2020 WL 3064945, at *5 (N.D. Ala. June 9, 2020).

> iv.    *The settlement proposal treats Class members equitably relative to each other*

Fourth, because this case has proceeded consistent with Rule 23(b)(2) with Plaintiffs seeking common injunctive and declaratory relief, the Settlement "treats each class member equitably relative to each other." *Ponzio*, 87 F.4th at 495; Fed. R. Civ. P. 23(e)(2)(D). The policy and procedural changes contained in the Settlement Agreement will apply to and equally benefit all Settlement Class members. *See M.D.,* 2020 WL 7585033, at *7; *Cobb v. Georgia Dep't of Cmty. Supervision*, No. 1:19-cv-03285-WMR, 2024 WL 3843600, at *5 (N.D. Ga. May 6, 2024); Memorandum and Order, ECF No. 182 at 6.

> v.    *The Parties did not receive opposition to the Settlement*

As to the fifth *Bennett* factor, the Parties did not receive any opposition to the Settlement Agreement. The Class Notice was posted in various locations that Settlement Class members, their

10

caregivers, and their service providers are likely to see, including office buildings and websites, and was mailed to parents and caregivers throughout the state. The Parties gave "sufficient notice to all persons entitled to receive notice of the Settlement Agreement." Memorandum and Order, ECF No. 182 at 8-9. The Parties received five written comments to the Settlement Agreement. Each of the written comments indicates support for the Settlement Agreement and the changes to ADHR's policies and practices contained therein, and none of them expressed opposition to the Settlement Agreement. The "low percentage" of objections thus "demonstrates the reasonableness" of the Settlement. *See Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1381 (S.D. Fla. 2007).

Therefore, because each element of Rule 23(e) and the accompanying *Bennett* factors have been met, the Court should grant final approval of the Settlement Agreement.

### C. The Class Notice was Reasonable

The Notice provided to the Settlement Class in connection with this Settlement Agreement also meets the standards for final approval under Rule 23.

The Federal Rules provide that "the court must direct notice in a reasonable manner" to all Class members who would be bound by the Settlement Agreement. Fed. R. Civ. P. 23(e)(1)(B). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Saccoccio*, 297 F.R.D. at 691. "[I]n a Rule 23(b)(2) class action, mechanics of the notice process are left to the discretion of the district court subject only to the broad 'reasonableness' standard imposed by due process." *Harris v. Graddick*, 615 F. Supp. 239, 244 (M.D. Ala. 1985), *order enforced sub nom.*, *Harris v. Siegelman*, 700 F. Supp. 1083 (M.D. Ala. 1988) (quotations omitted); *see also Fla. Educ. Ass'n v. Dep't of Educ.*, 447 F. Supp. 3d 1269, 1275 (N.D. Fla. 2020) ("The

11

method and manner of the notice process is left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process."). Notice does not need to be perfect, and all class members do not have to actually receive notice in order to satisfy the requirements of Rule 23. *See Adams v. S. Farm Bureau Life Ins. Co.*, 417 F. Supp. 2d 1373, 1380 n.6 (M.D. Ga. 2006) ("The analysis for purposes of due process is on the notice plan itself, and actual receipt of notice by each individual class member is not required."), *aff'd*, 493 F.3d 1276 (11th Cir. 2007); *Cooper v. Nelnet, Inc.*, No. 6:14-cv-314-Orl-37-DAB, 2015 WL 12843910, at *1 (M.D. Fla. Aug. 4, 2015) ("Moreover, neither Rule 23 nor due process require that every potential class member receive actual notice; notice must just be the 'best practicable.'") (citations omitted); *Goodlaxson v. Mayor & City Council of Baltimore*, 776 F. Supp. 3d 311, 336 (D. Md. 2025) ("[N]otice need not be perfect, and all class members do not have to actually receive notice in order to satisfy the requirements of Rule 23 and due process.").

The Court approved the form and content of the Notice in this case in its Order granting preliminary approval of the Settlement Agreement. *See* Memorandum and Order, ECF No. 182 at 9. The Notice summarizes the topics addressed by the Settlement Agreement and advises recipients on what to do if they have questions. The Notice also describes the procedures for persons who wish to be heard in favor of or in objection to the Settlement Agreement and specifies the date, time, place, and manner of attendance at the Final Approval Hearing set by the Court. *See id.* at 9-10; Scheduling Order, ECF No. 183.

The Parties have fully complied with their obligations under the Notice Plan. As set forth in the Affidavit of Jan Casteel, ADHR posted a copy of the Notice on its website on February 24, 2026. *See* Affidavit of Jan Casteel, ECF No. 184 at ¶ 4. On March 5, 6, and 11, 2026, ADHR sent a copy of the Notice to the entities listed in the approved Notice Plan. *See id.* at ¶ 5-6, 8. ADHR

12

posted the Notice at its central office in Montgomery, Alabama. *See id.* at ¶ 7. ADHR mailed the Notice to the last known mailing address of biological parents and relative/kin placements for foster children who were placed in psychiatric residential treatment facilities ("PRTFs") and moderate residential facilities. *See id.* at ¶ 9. ADAP also posted a copy of the Settlement Agreement and notice of the hearing on its website. *See* Exhibit 1, Mixson Declaration in Support of Joint Motion for Final Approval ("Mixson Decl.") at ¶ 4. The Parties updated the Notice where appropriate when the date of the Final Approval Hearing was changed by the Court.

As of May 4, 2026, the close of the notice period, the Parties received five written comments from biological parents or grandparents of Settlement Class members regarding the Settlement Agreement. *See* Exhibit 2, Frye Declaration in Support of Joint Motion for Final Approval ("Frye Decl. II") at ¶¶ 19-20; Mixson Decl. at ¶ 5-6.[6] Two non-class member individuals have requested to speak at the hearing, along with two of the Named Plaintiffs. *See* Frye Decl. II at ¶ 19; Mixson Decl. at ¶ 5-7. Counsel for Plaintiffs spoke with three additional members of the community as a result of the settlement notice who did not submit written comments or objections. *See* Mixson Decl. at ¶ 5. The written comments received are supportive of the Settlement Agreement and weigh in favor of the Court granting final approval. *See* Frye Decl. II at ¶ 20.[7]

### D.  The Negotiated Attorneys' Fees are Reasonable

As a term of the Settlement Agreement, ADHR agrees to reimburse Plaintiffs' counsel $3 million in attorneys' fees and $400,000 for expenses incurred in this matter up to and including the final approval of the Settlement Agreement. *See* Joint Motion for Preliminary Approval, ECF No. 181 at 10; Frye Decl. II at ¶ 4. The Court has already found, as a preliminary matter, that this

---

[6] Plaintiffs received one written comment on May 5, 2026, a day after the Court's deadline, but the Parties have agreed to consider the comment as timely received.

[7] The written comments are attached as sealed Attachments 1 through 5 to Frye Decl. II. Plaintiffs are contemporaneously filing a motion to file Attachments 1 to 5 under seal pursuant to this Court's local rules.

award of fees and costs is reasonable. *See* Memorandum and Order, ECF No. 182 at 7. There have been no material changes in circumstances since the Court granted preliminary approval, and the agreed-upon fee award remains fair and reasonable.

The Federal Rules authorize the recovery of attorneys' fees and expenses in a class action as allowed under applicable law and the parties' agreement. *See* Fed. R. Civ. P. 23(h). Under the ADA, 42 U.S.C. § 12205, a court may award reasonable attorneys' fees and costs to the prevailing party. Here, as a term of the Settlement Agreement, the Parties have agreed to resolve Plaintiffs' claims for attorneys' fees and costs by agreeing that Plaintiffs are prevailing parties for purposes of reasonable fees and costs. *See* Joint Motion for Preliminary Approval, ECF No. 181 at 10.

As the Parties explained more fully in their Joint Motion for Preliminary Approval, the agreement as to fees is reasonable and meets the requirements of applicable law. First, as noted in the Parties' Joint Motion for Preliminary Approval, the Parties reached an agreement on fees and costs through a second round of arm's-length negotiations only after having reached agreement on the substance of the Settlement Agreement itself. *See* Joint Motion for Preliminary Approval, ECF No. 181 at 16; Frye Decl. II at ¶ 12. The Parties exchanged offers and counter-offers over several months and agreed upon the above figure on October 31, 2025, only after protracted negotiation. *See id.* at ¶ 16.

Throughout the litigation, Plaintiffs' counsel maintained contemporaneous billing records. Plaintiffs calculated their fees in this case by multiplying the number of hours reasonably expended on this litigation, based on their contemporaneous billing records, by a reasonable hourly rate. *See* Frye Decl. I, ECF No. 181-3 at ¶ 23; Sherburne Decl., ECF No. 181-4 at ¶¶ 14-15; Canada Decl., ECF No. 181-5 at ¶ 18. Plaintiffs used comparable rates charged by private attorneys of similar experience working in the Alabama legal market and disclosed the rates used to counsel for ADHR

14

as part of the negotiation process. *See* Frye Decl. I, ECF No. 181-3 at ¶ 23; Sherburne Decl., ECF No. 181-4 at ¶¶ 14-15; Canada Decl., ECF No. 181-5 at ¶ 18; *see also* Frye Decl. II at ¶ 15.

The fee award amount is reasonable given the number of hours Plaintiffs spent litigating this case. *See* Frye Decl. II at ¶ 5. Prior to filing this action, Plaintiffs' counsel spent almost two years investigating the concerns underlying this case. Post-filing, the Parties engaged in motion practice, offensive and defensive discovery, extensive expert work, and two rounds of class certification briefing. Finally, for well over a year, the Parties engaged in extensive mediation and settlement negotiations. *See* Frye Decl. II at ¶¶ 6-10. In total, Plaintiffs' counsel expended over 15,000 hours, along with additional expenses and costs, in reaching successful settlement of this case. *See id.* at ¶ 11. However, in the interest of reaching an agreed-upon amount, the amount being reimbursed by ADHR excludes thousands of hours Plaintiffs removed in billing judgment: most of the time for work performed during the early investigation of this case, all time for work performed subsequent to reaching the settlement agreement-in-principal, all administrative work, and various attorneys' attendance at meetings. Plaintiffs' counsel also used pro bono resources for a significant portion of document review, and as such, did not seek reimbursement for that work. Plaintiffs' counsel have also waived significant costs related to expert work and travel. *See id.* at ¶¶ 13-14.

The agreed-upon fee award is fully commensurate with the outcome of this case. The results achieved in the Settlement Agreement address Plaintiffs' asserted legal rights, and will benefit hundreds, if not thousands, of children in Alabama. The Settlement Agreement will resolve the concerns related to the use of PRTFs as placements for children with mental and behavioral health disabilities and ensure the provision of services for them in the community, pursuant to the ADA and *Olmstead*. The Settlement Agreement also provides a framework for accountability to

ensure implementation of these reforms. Plaintiffs' counsel should be compensated for their efforts in securing this relief for the Settlement Class in the reasonable and agreed-upon amount. *See* Frye Decl. I, ECF No. 181-3 at ¶¶ 18-19; Frye Decl. II at ¶ 17.

### III.    The Court Should Retain Jurisdiction as Specified in the Agreement

Upon granting final approval, the Parties will file a joint motion requesting that the Court dismiss the litigation and retain jurisdiction to enforce the terms of the Settlement Agreement. *See Chmielarz*, 289 F.3d at 1320 ("[I]f the district court either incorporates the terms of a settlement into its final order of dismissal *or* expressly retains jurisdiction to enforce a settlement, it may thereafter enforce the terms of the parties' agreement.") (emphasis in original); *see also* Settlement Agreement, ECF No. 181-1 at 1 ("This agreement . . . will not be effective unless and until the Court enters an order dismissing this case with prejudice and retaining jurisdiction to enforce the terms contained herein."); *id.* at § III.1 ("The Parties agree this Court has subject matter jurisdiction and personal jurisdiction over this action, and thereby has authority to retain jurisdiction to enforce the terms of this Agreement . . . ."); *id.* at § III.2 ("[U]pon final approval the Parties will file a Joint Stipulation and Dismissal with Prejudice of this action, requesting that in dismissing the action, the Court retain jurisdiction to enforce the terms of this Agreement . . . .").

Courts may retain jurisdiction over a case when the "obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *see also Disability Advocates & Counseling Group, Inc. v. E.M. Kendall Realty, Inc.*, 366 Fed. Appx. 123 (11th Cir. 2010) (upholding the district court's jurisdiction over a motion to enforce an ADA settlement agreement when the district court's order

16

of dismissal had expressly retained jurisdiction to enforce). Courts routinely grant continuing jurisdiction when the parties to civil rights cases agree to a settlement providing for institutional reform. *See U.S. v. Alabama*, No. 2:15-cv-368-MHT, 2015 WL 3796526, at *4 (M.D. Ala. June 18, 2015) (retaining jurisdiction, at the parties' request, over settlement agreement regarding prison policies and protections for prisoners); *see also Singleton v. City of Montgomery, Alabama*, No. 2:20-cv-99-WKW, 2020 WL 6929519, at *1 (M.D. Ala. Nov. 24, 2020) (retaining jurisdiction, at the parties' request, over First Amendment settlement agreement).

So too, here, the Parties jointly request the Court retain jurisdiction to enforce the terms of the Settlement Agreement upon final approval and will file a Joint Motion to Dismiss at the appropriate time.

## IV.    Conclusion

For the reasons stated, the Parties respectfully request the Court issue an order granting final approval of the Settlement Agreement and providing for reimbursement by ADHR of Plaintiffs' reasonable attorneys' fees and costs in the negotiated amount.

Dated: May 18, 2026

Respectfully Submitted,

CHILDREN'S RIGHTS

/s/ *Lindsey S. Frye*
Lindsey Frye (admitted *pro hac vice*)
NC Bar No. 47752
Samantha Bartosz (admitted *pro hac vice*)
IL Bar No. 6194058
Katrina Braun (admitted *pro hac vice*)
NC Bar No. 53396
Valerie Achille (admitted *pro hac vice*)
NY Bar No. 5988548
Micaela Ann Heery-Hyatt (admitted *pro hac vice*)

17

NY Bar No. 5742218
88 Pine Street, Suite 800
New York, New York 10005
(212) 683-2210
(212) 683-4015 (fax)
lfrye@childrensrights.org
sbartosz@childrensrights.org
kbraun@childrensrights.org
vachille@childrensrights.org
mheeryhyatt@childrensrights.org

ALABAMA DISABILITIES ADVOCACY PROGRAM
Andrea J. Mixson
Ala. Bar No. ASB 2155-R79M
Larry Canada
Ala. Bar No. ASB 3153-N73L
2008 12th Street
Tuscaloosa, AL 35401
(205) 348-4928
amixson@adap.ua.edu
lcanada@adap.ua.edu

SOUTHERN POVERTY LAW CENTER
Michael Tafelski
Ala. Bar No. ASB 4400A33A
Claire Sherburne
Ala. Bar No. ASB 1121A61H
Sophia Mire Hill (admitted *pro hac vice*)
La. Bar No. 36912
Eugene Choi (admitted *pro hac vice*)
Ga. Bar No. 121626
400 Washington Ave.
Montgomery, AL 36104
(888) 414-7752
michael.tafelski@splcenter.org
claire.sherburne@splcenter.org
sophia.mire@splcenter.org
eugene.choi@splcenter.org

**ATTORNEYS FOR PLAINTIFFS**

18

*/s/ Alfred F. Smith, Jr.*
Alfred F. Smith, Jr. (ASB-8536-S70A)
Elizabeth N. Terenzi (ASB-1139-G40M)
Attorneys for Defendant
BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
600 Luckie Drive, Ste. 415
Birmingham, Alabama 35223
(205) 879-1100
(205) 879-4300 (fax)
asmith@bainbridgemims.com
bterenzi@bainbridgemims.com

Felicia M. Brooks
Jonathan S. Schlenker
Joshua J. Lane
State of Alabama
Department of Human Resources
Legal Office
P.O. Box 304000
Montgomery, AL 36130-4000
felicia.brooks@dhr.alabama.gov
jonathan.schlenker@dhr.alabama.gov
joshua.lane@dhr.alabama.gov

**ATTORNEYS FOR DEFENDANT**

19

**CERTIFICATE OF SERVICE**

I certify that I have on this day filed the foregoing document using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

Felicia M. Brooks
Jonathan S. Schlenker
Joshua L. Lane
Office of the Attorney General
Felicia.brooks@dhr.alabama.gov
Jonathan.schlenker@dhr.alabama.gov
Josh.lane@dhr.alabama.gov
Attorneys for Defendant

Alfred F. Smith, Jr.
Elizabeth N. Terenzi
Bainbridge, Mims, Rogers & Smith, LLP
asmith@bainbridgemims.com
bterenzi@bainbridgemims.com
Attorneys for Defendant

Dated: May 18, 2026

*/s/ Lindsey S. Frye*
Attorney for Plaintiffs

20