IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

C.C., *et al.*,                                    )
                                                   )
    Plaintiffs,                            )
                                                   )
v.                                                 )   CIVIL CASE NO. 2:21-cv-367-ECM
                                                   )                [WO]
NANCY T. BUCKNER, Commissioner                     )
of the Alabama Department of Human                 )
Resources, in her official capacity,              )
                                                   )
    Defendant.                             )

**O R D E R**

The parties have filed a joint motion for final approval of their settlement agreement. (Doc. 185). Plaintiffs separately move to file five confidential attachments—"Attachments 1–5"—to that motion under seal, representing that they contain "personally identifying" as well as "sensitive and highly personal" information. (Doc. 186 at 1). Specifically, all of the attachments contain information that could reveal the identities of minors and "describe highly personal and sensitive information about class members, including their histories of trauma, experiences in the child welfare system, and their mental and behavior health symptoms, diagnoses, and treatments." (*Id.* at 2).

There is "a common-law right of access to judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Nevertheless, Federal Rule of Civil Procedure 26(c) grants federal district courts authority to permit parties to file documents under seal upon a showing of good cause. *See In re Est. of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1362 (N.D. Ga. 2002); *cf. Chi. Trib. Co. v. Bridgestone/Firestone,*

*Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001) (stating that Rule 26 requires a party seeking to maintain the confidentiality of materials filed under a protective order to show good cause).

Plaintiffs have shown good cause—safeguarding the privacy of minors is a compelling interest. *See Clark v. Bamberger*, 2016 WL 1183180, at *2 ("[C]ourts have sealed settlement agreements and other documents in special-education and other cases where confidential educational and medical information about minors would be exposed." (citing *Wittenberg v. Winston-Salem/Forsyth Cnty. Bd. of Educ.*, 2009 WL 1684585, at *2–3 (M.D.N.C. June 16, 2009))).  And given Plaintiffs' representations that these submissions are "replete with . . . highly sensitive and personal information," the Court finds that simply redacting the sensitive portions would not be feasible. (Doc. 186 at 2); *see Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1377 (8th Cir. 1990) (determining that "there [wa]s no reasonable alternative to sealing" a file because it was "replete" with sensitive information such that "redaction of the file would be virtually impossible").

Accordingly, for good cause, it is

ORDERED that Plaintiffs' motion (doc. 186) is GRANTED.  Plaintiffs shall file unredacted versions of Attachments 1–5 under seal and may file "under seal" placeholders in the public record.

DONE this 19th day of May, 2026.

        /s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE

2