IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| C.C., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:21-cv-367-ECM |
| | ) | [WO] |
| NANCY T. BUCKNER, Commissioner | ) | |
| of the Alabama Department of Human | ) | |
| Resources, in her official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiffs have filed an unopposed motion for attorney fees and costs. (Doc. 192).

Upon consideration of the motion, Plaintiffs' submissions, and Plaintiffs' arguments at the

final approval hearing, pursuant to Federal Rule of Civil Procedure 23(h), it is

ORDERED that Plaintiffs' motion (doc. 192) is GRANTED as follows:

1.      The notice plan, (*see* doc. 181-2), adequately and reasonably afforded the

members of the Settlement Class the opportunity to respond to the request for attorney fees

and costs, which was included in the materials provided to the Settlement Class, (*see* doc.

181-1 at 20).  The Court received no objections to the request.

2.      The settlement agreement confers a substantial benefit on the members of the

Settlement Class.

3.      The declarations of Lindsey Frye, Claire Sherburne, and Larry Canada

document Class Counsel's rigorous and effective pursuit of Plaintiffs' and the Settlement

Class's claims. (*See* docs. 181-3, 181-4, 181-5).  Class Counsel's efforts included, among

other things: (i) conducting a thorough pre-suit investigation of the potential claims at issue in this case; (ii) researching and drafting motions that withstood opposition; (iii) participating in years-long discovery, which involved the exchange of millions of pages of documents and depositions of thirty-two witnesses, including ten expert witnesses; (iv) appearing before the Court for various hearings and conferences; (v) engaging in extended, arm's-length settlement negotiations, including eight mediation sessions before the Magistrate Judge, which ultimately produced the settlement agreement presently before the Court; and (vi) investing significant time and expense while facing a real risk of nonpayment prior to reaching the settlement.

4.    In granting this motion, the Court notes that this case involves contractual fee-shifting and that "the appropriate method [for assessing the reasonableness of fees] for such a case is not clearly governed by any binding precedent." *In re Home Depot*, 981 F.3d 1065, 1082 (11th Cir. 2019). Accordingly, the Court adopted the lodestar method, as that was the method employed by the parties. *See Griffith v. McDonough*, 2021 WL 4461605, at *1 (11th Cir. 2021) (per curiam) ("Where the parties agree that one party will pay the other party's legal fees, they agree to fee shifting, and the 'lodestar' method is used to calculate reasonable attorney[] fees." (citing *In re Home Depot*, 931 F.3d at 1081–84)).

5.    In their declarations, Frye, Sherburne, and Canada attested to the exhaustive work performed in this case, which they represent was "over 15,000 hours," worth "more than $3.7 million in billable time (which does not include over $700,000 in fees already excluded under billing judgment)." (Doc. 181-3 at 8–9; *accord* doc. 181-4 at 4; doc. 181-5 at 8–9; *see also* doc. 185 at 20 ("Prior to filing this action, Plaintiffs' counsel spent almost

two years investigating the concerns underlying this case.  Post-filing, the [p]arties engaged in motion practice, offensive and defensive discovery, extensive expert work, and two rounds of class certification briefing.")).   That estimate is based on contemporaneous billing records. (Doc. 181 at 10, 16; *accord* doc. 181-3 at 9; doc. 181-4 at 5).  Plaintiffs also submit that $200 per hour is a reasonable hourly rate as compared to "comparable rates charged by private attorneys of similar experience working in the Alabama legal market," (doc. 192-1 at 6), and note that their attorneys' actual hourly rates range from $200 to $500 per hour, (doc. 181-3 at 9; *accord* doc. 181-4 at 4–5; doc. 181-5 at 8–9).  They also estimate that they have paid "over $700,000 in litigation expenses." (Doc. 181-3 at 8; *accord* doc. 181-4 at 4; 181-5 at 8; *see also* doc. 185 at 20 ("Plaintiffs' counsel have also waived significant costs related to expert work and travel.")).   Because Plaintiffs' counsel are requesting significantly less than they would be entitled to under the lodestar method, they assert that "the agreed-upon amount of $3 million is clearly reasonable and should be approved by the Court." (Doc. 181 at 17; *see also* doc. 185 at 20 ("[I]n the interest of reaching an agreed-upon amount, the amount being reimbursed by ADHR excludes thousands of hours Plaintiffs removed in billing judgment: most of the time for work performed during the early investigation of this case, all time for work performed subsequent to reaching the settlement agreement-in-principal, all administrative work, and various attorneys' attendance at meetings.")).

6.    Having reviewed the parties' submissions and arguments and having had the benefit of a hearing on the issue, the Court finds that the fees and costs Plaintiffs seek are eminently fair and reasonable and within the range of attorney fees ordinarily awarded in

the Eleventh Circuit. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940))).  This conclusion is bastioned by the fact that the amount was agreed to after extensive negotiations with Defendant (*after* the substance of the settlement agreement had been agreed to), and that no class member objected to the award.

7.    The Court therefore grants Plaintiffs' request for attorney fees in the amount of $3 million.  The Court further grants Plaintiffs' attorneys' reimbursement of their litigation costs in the amount of $400,000.  The Court finds that these expenses were necessary, reasonable, and proper in the pursuit of this litigation.  The State of Alabama shall pay these sums (totaling $3,400,000) to Plaintiffs within sixty days of the date of this Order.

DONE this 18th day of June, 2026.

    /s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE