IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| C.C., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:21-cv-367-ECM |
| | ) | [WO] |
| NANCY T. BUCKNER, Commissioner | ) | |
| of the Alabama Department of Human | ) | |
| Resources, in her official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the parties' joint motion to certify their proposed Settlement Class and for final approval of their class action settlement agreement. (Doc. 185). The Court held a final approval hearing on June 16, 2026. Upon consideration of the settlement agreement (doc. 181-1), the Court's order preliminarily approving the settlement agreement (doc. 182), and the submissions and arguments advanced by the parties, and for good cause shown, it is

ORDERED that the parties' joint motion (doc. 185) is GRANTED as follows:

1.    This Order incorporates the settlement agreement (doc. 181-1) and the preliminary approval order (doc. 182). Unless otherwise provided, the terms defined in the settlement agreement and preliminary approval order shall have the same meaning for purposes of this final approval Order and the accompanying Final Judgment. To the extent that the terms of this final approval Order conflict with any provision of the preliminary approval order, the terms of this final approval Order shall control.

2.      The Court has jurisdiction over this action, and all parties and Settlement Class members, for all matters relating to this litigation and the settlement, including, without limitation, the administration, interpretation, effectuation, and/or enforcement of the settlement, this final approval Order, and the Final Judgment.

## I.      THE SETTLEMENT CLASS

In the preliminary approval order, the Court certified the following Settlement Class for settlement purposes only:  All children who are adjudicated dependent under Alabama Code § 12-15-314(a)(3), and who have, or have a record of, a mental health impairment that substantially limits one or more major life activities. (Doc. 182 at 2–4). Certification of the Settlement Class is hereby reaffirmed as a final settlement class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2) for the same reasons set forth in the Court's preliminary approval order. (*Id.*).

The Court previously appointed Plaintiffs C.C., F.F., and G.G., as the Class Representatives of the Settlement Class and hereby reaffirms those appointments.

The Court previously appointed Andrea Mixson, Larry Canada, Michael Tafelski, Claire Sherburne, Sophia Mire Hill, Euguene Choi, Lindsey Frye, Samantha Bartosz, Katrina Braun, Valerie Achille, and Micaela Heery-Hyatt to serve as Class Counsel and hereby reaffirms those appointments.

## II.      CLASS NOTICE

The record shows, and the Court finds, that the notice plan has been materially implemented in the manner approved by the Court in its preliminary approval order. (*See* doc. 182 at 8–9).  The Court finds that the notice plan:  (i) constitutes the best notice

practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of this litigation and the terms of the settlement agreement, their right to object to any part of the settlement agreement, and their right to appear at the final approval hearing to submit comments or objections; (iii) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) constitutes notice that fully satisfies the requirements of the United States Constitution, Federal Rule of Civil Procedure 23, and any other applicable law. The Court received no objections to the notice plan approved in its preliminary approval order.

### III.   FINAL APPROVAL OF THE SETTLEMENT

The Court finds that the settlement resulted from extensive arm's-length, good faith negotiations and mediation between the parties through experienced counsel, and with the assistance and oversight of the Magistrate Judge. Moreover, all aspects of the settlement were informed by significant and meaningful discovery that took place prior to and during the settlement process.

Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby finally approves in all respects the settlement and finds that the settlement, the benefits to the Settlement Class members, and all other aspects of the settlement are, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiffs' claims and Defendant's defenses, and are in full compliance with all applicable requirements of the United States Constitution and the

3

Federal Rules of Civil Procedure. Accordingly, the settlement shall be consummated in accordance with its terms and provisions.

The Court finds that the settlement is fair, reasonable, and adequate in light of the factors set forth in Federal Rule of Civil Procedure 23(e)(2) and *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984), including, among other things:

(1)     This settlement was reached after more than four years of litigation, after rigorous motions practice and extensive discovery, including expert discovery. Because the case settled after extensive fact discovery and expert investigation, the parties had a full appreciation of the strengths and weaknesses of their case while negotiating the settlement. *See* FED. R. CIV. P. 23(e)(2)(A); *Bennett*, 737 F.2d at 986 (directing courts to consider "the stage of proceedings at which the settlement was achieved").

(2)     The settlement resulted from extensive arm's-length, good faith negotiations. *See* FED. R. CIV. P. 23(e)(2)(B).

(3)     This case was complex, expensive, and time-consuming and would have continued to be so through trial and possible appeals if the case had not settled. *See* FED. R. CIV. P. 23(e)(2)(C); *Bennett*, 737 F.2d at 986 (directing courts to consider "the complexity, expense[,] and duration of litigation").

(4)     Class Counsel and the Settlement Class would have faced material risks in establishing class certification through trial and appeals, and also in establishing liability, if they decided to continue to litigate rather than settle pursuant to the settlement agreement. Moreover, the relief provided by the

4

settlement agreement is well within the reasonable range of possible outcomes in light of the best possible recovery and the risks the parties would have faced if the litigation had continued to verdict and possible appeals. *See* FED. R. CIV. P. 23(e)(2)(C); *Bennett*, 737 F.2d at 986 (directing courts to consider "the likelihood of success at trial" as well as "the range of possible recovery" and "the point on or below th[at] range . . . at which a settlement is fair, adequate[,] and reasonable").

(5)     Even though this case does not involve a common fund, Class Counsel's attorney fees and costs were negotiated separately from the settlement, and the fees are within the range of what the Eleventh Circuit has approved in similar cases. *See* FED. R. CIV. P. 23(e)(2)(C)(iii).

(6)     No Settlement Class member has objected to the settlement, and Class Members are treated equitably based on objective criteria. *See* FED. R. CIV. P. 23(e)(2)(D); *Bennett*, 737 F.2d at 986 (directing courts to consider "the substance and amount of opposition to the settlement").

For these reasons, and for the reasons stated on the record at the final approval hearing, the settlement shall be consummated in accordance with the terms and provisions of the settlement agreement.

In making its findings, the Court has exercised its discretion in certifying the Settlement Class and granting final approval to the settlement based upon all the facts and circumstances of this litigation as presented to the Court in the parties' submissions in support of the settlement agreement.  The Court has also considered the written comments

received in response to the settlement agreement and the parties' statements at the final approval hearing.

## IV.    DISMISSAL OF CLAIMS AND RELEASE

This litigation is hereby dismissed with prejudice on the merits and without costs to any party or person except as otherwise provided herein, in the Court's order granting Plaintiffs' unopposed motion for approval of Class Counsel's fees and costs, or in the settlement agreement.

During the term of the settlement agreement, Defendant, the Alabama Department of Human Resources, is released from any future class action by the Plaintiff Class and from any and all claims by any member thereof alleging a Title II of the Americans with Disabilities Act or Section 504 of the Rehabilitation Act cause of action for declaratory or prospective injunctive relief or any other equitable relief concerning or relating to the Alabama Department of Human Resource's placement of children in foster care with mental health disabilities in a psychiatric residential treatment facility for treatment. (*See* doc. 181-1 at 20).

## V.    OTHER PROVISIONS

The Court has jurisdiction to enter this final approval Order and the accompanying Final Judgment.  Without in any way affecting the finality of this final approval Order or the Final Judgment, this Court expressly retains exclusive and continuing jurisdiction over the settlement, including all matters relating to the administration, consummation, validity, enforcement, and interpretation of the settlement agreement, this final approval Order, or the Final Judgment, including without limitation, for the purpose of:

(1)   Entering such additional orders as may be necessary or appropriate to protect or effectuate this final approval Order, the Final Judgment, or the settlement agreement, or to ensure the fair and orderly administration of the settlement; and

(2)   Entering any other necessary or appropriate orders to protect and effectuate the Court's retention of continuing jurisdiction over this action to consider all further matters arising out of or connected with the settlement agreement.

The parties are hereby directed to implement and consummate the settlement according to the terms and provisions of the settlement agreement.

Without further order of the Court, the parties may agree to reasonably necessary extensions of time to carry out any provisions of the settlement agreement.  Likewise, the parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the settlement agreement as are consistent in material respects with this final approval Order and the Final Judgment and that do not limit the rights of Settlement Class members under the settlement agreement.  To the extent that the terms of this final approval Order conflict with any provision of the settlement agreement or any future amended settlement agreement, the terms of the operative settlement agreement shall control, so long as the terms of the settlement agreement are materially consistent with this final approval Order and the Final Judgment and do not limit the rights of Settlement Class members.

DONE this 18th day of June, 2026.

      /s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE
